**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STANLEY LYNN SCOTT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-0837** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MCHUGH, J.** **MAY 7, 2025**

*Pro se* Plaintiff Stanley Lynn Scott filed a Complaint naming the Commonwealth of Pennsylvania and the Norristown Court House as Defendants. (ECF No. 2.) Scott seeks to proceed *in forma pauperis*. For the following reasons, the Court will permit Scott to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## I. FACTUAL ALLEGATIONS[1]

Mr. Scott asserts that on February 5 and 10, 2025, he "attempted to file both a power of attorney and a UCC-1 financing statement and post a bond with the Norristown Court House," apparently in connection with ongoing criminal proceedings for retail theft charges.[2] (ECF No. 2-1 at 6.) He claims that he was "denied the opportunity to submit these documents and was

---

[1] The allegations set forth in this Memorandum are taken from Scott's Complaint and appended letter containing further facts. (ECF Nos. 2, 2-1 at 6-7.) The Court adopts the pagination supplied by the CM/ECF docketing system. The Court also takes judicial notice of matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] Scott appended numerous documents to his Complaint, including Police Criminal Complaints, documents related to his bail, and notices related to his arraignment. (*See* ECF No. 2-1 at 8-18.) These documents and the public state court docket reflect that Scott was charged with retail theft, posted bail by unsecured bond on December 4, 2024, and is represented by counsel in those proceedings. *See Commonwealth v. Scott*, CP-46-CR-0000264-2025 (C.P. Montgomery).

informed that the court does not accept filings directly from defendants." (*Id.*) He claims that the responses he received from the court staff was "a dereliction of their duties . . . to process and file legal documents without undue delay." (*Id.*) For relief, he seeks the "discharge" of his criminal case, "the implementation of appropriate corrective measures," "restitution," the return of the "appearance bonds the courts kept," and interest on his bond. (*Id.*; Compl. at 4.)

## II.     STANDARD OF REVIEW

The Court will grant Mr. Scott leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Second Amended Complaint as true, draw all reasonable inferences in the Scott's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court is also obligated to dismiss any claims seeking monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). As Scott is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

## III. DISCUSSION

Although his causes of action are not entirely clear, Mr. Scott appears to seek money damages and injunctive relief against the Commonwealth of Pennsylvania and the Norristown Court House.[3] To the extent that he intends to present constitutional claims against these Defendants, the vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As set forth below, Scott fails to state a plausible § 1983 claim against any Defendant.

### A. Claims Against the Commonwealth of Pennsylvania

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court when money damages are sought. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs*., 341 F.3d 234, 238 (3d Cir. 2003); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71. As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Con. Stat. §§ 8521-22; *see also Lavia v. Pa. Dep't of Corr*., 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity), it and its departments, as well as Commonwealth

[3] Scott states in his form Complaint that his claims are based on "[i]mproper *ex parte* [sic], misrepresentation, violation of [his] rights as a defendant, clerk violating oath of office, Fair Lending Act, [and his] rights [were] signed over under duress." (Compl. at 2.)

officials sued in their official capacities, are immune from suits for money damages filed in federal court.

However, state officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See generally Ex parte Young,* 209 U.S. 123 (1908); *see also Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Courts reason that injunctions against state officials actively violating federal laws are "necessary to vindicate the federal interest in assuring the supremacy of that law," despite the Constitution's prohibition on suits against the state. *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

To avoid the bar of the Eleventh Amendment, however, "[t]he relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Pennhurst*, 465 U.S. at 102). But the "legal fiction recognized in *Ex parte Young* is narrow in scope." *Del. River Joint Toll Bridge Comm'n v. Sec'y Pa. Dep't of Lab. & Indus.*, 985 F.3d 189, 193 (3d Cir. 2021). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (citation omitted). Thus, under the *Ex Parte Young* doctrine, a plaintiff may bring claims against state officials in their official capacity when they commit an "ongoing violation of federal law." *Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 238 (3d Cir. 2020); *see also Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011) ("[A] state employee may be sued in his official capacity only for prospective injunctive relief, because

official-capacity actions for prospective relief are not treated as actions against the State." (internal quotations omitted)). A plaintiff bringing such a claim "must show that they have sustained or are in immediate danger of sustaining some direct injury as the result of the challenged official conduct" that is real and immediate, as opposed to hypothetical or conjectural. *J. C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) (*per curiam*) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Also, the *Ex Parte Young* exception does not apply when the state is the real party in interest, *i.e.*, if a judgment would "expend itself on the public treasury or domain, or interfere with public administration." *Waterfront Comm'n*, 961 F.3d at 238-39 (internal quotations omitted).

Mr. Scott has not named any specific state official acting in an official capacity as a Defendant, and he has not alleged any ongoing violation of federal law; he alleges only that on two past occasions he was unable to file documents. To the extent that he complains of his inability to file *pro se* documents with the state courts, the publicly available record of his criminal proceeding indicates that the Montgomery County Court of Common Pleas received and docketed *pro se* correspondence from Scott on February 18, 2025.[4] *See Commonwealth v. Scott*, No. CP-46-CR-0000264-2025 (C.P. Montgomery). Moreover, his docket indicates that he is represented by counsel, "[a]nd rules limiting hybrid representation (in which a litigant proceeds

---

[4] Mr. Scott appended the documents at issue to his Complaint. (*See* ECF No. 2-1 at 1-5.) These documents appear to be the type of "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" that is nothing more than a nullity. *See United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *3 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"). Scott has not explained how these documents have any relevance to his criminal charges.

simultaneously by counsel and *pro se*) are constitutionally acceptable in both the appellate and trial contexts." *Fontanez v. Pennsylvania*, 570 F. App'x 115, 116 (3d Cir. 2014) (first citing *United States v. Turner,* 677 F.3d 570, 578-79 (3d Cir. 2012), then citing *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984)).

Accordingly, because (1) Scott's claims against the Commonwealth and the Court may not proceed, (2) he has failed to present a claim for injunctive relief that could satisfy the exception of *Ex Parte Young*, and (3) he has a forum to litigate these issues in his ongoing criminal proceedings, his claims against the Commonwealth will be dismissed.[5]

**B. Claims against the Norristown Court House**

The Court understands Scott's reference to the "Norristown Court House" to mean the Montgomery County Courthouse in Norristown, Pennsylvania. Federal civil rights claims against a courthouse are not cognizable under § 1983 as the courthouse itself is not a considered a "person" under the statute. *See Elansari v. United States*, No. 15-1461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016) ("Additionally, Elansari's claims against Moving defendants Centre County Court of Common Pleas, Columbia County Courthouse and Non-Moving defendant Centre County Correctional Facility fail because such entities are not considered

[5] To the extent that Scott seeks to have his criminal charges dismissed, he has not presented a cognizable claim. When a defendant seeks dismissal of state charges because of constitutional violations, his claims must be pursued in state court or in a petition for a writ of habeas corpus filed in federal court; such claims are not cognizable in a federal civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App' x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

'persons' subject to suit under § 1983."); *Devenshire v. Kwidis*, No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016) ("Defendants are correct that [Beaver Courthouse], as a state entity, is not a 'person' under § 1983, and therefore may not be sued thereunder."); *Robinson v. Mercer Cnty. Courthouse*, No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012) ("Neither a courthouse, nor a county court, is a 'person' subject to liability under § 1983." (citations omitted)); *Bucano v. Sibum*, No. 12-606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012) ("As Defendants, Plaintiffs name, in part, [Montgomery County Correctional Facility] and Monroe County Courthouse. The law is well-settled that a prison and a courthouse are not 'persons' that are subject to suit under § 1983." (citation omitted)). To the extent that Scott intended to bring his claim against the Montgomery County Court of Common Pleas (as an entity separate from the physical Courthouse), it shares in the Commonwealth's Eleventh Amendment immunity as part of Pennsylvania's unified judicial system. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Like his claims against the Commonwealth discussed above, these claims are barred by the Eleventh Amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Scott's Complaint for failure to state a claim and as impermissibly seeking monetary relief from an immune defendant, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Court concludes that Scott cannot cure the defects in his Complaint, so the dismissal will be with prejudice, and he will not be given leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that

complaints should be with leave to amend "unless amendment would be inequitable or futile").

An appropriate Order will be entered separately.

                                     **BY THE COURT:**

                                     **/s/ Gerald Austin McHugh**
                                     **GERALD A. MCHUGH, J.**